Scr. fa. on judgment D.S.B. Plea that the said Louis McLane is the surety of the said Outerbridge Horsey and has been discharged from his liability by plffs'. having given time to his principal without his consent. Demurrer.
Bayard. I can't conceive on what grounds the deft. expects to support his plea in a court of law. The question of oyer is itself conclusive. The deft. has no right to oyer after judgment. The judgment concludes the case at law; if there be any defence arising afterwards it may be set up to the sci fa., but for matters which might have been pleaded to the original suit the party must go into equity; or, in some cases, apply to the equity side of this court. At law all the obligors in a bond are principals: any averment against it is against the deed and is estopped by the deed, and it is no defence in an action on a bond against the surety that the plff. gave time by parol to the principal; 7 Eng. C. law Rep. 62; a parol agreement would not bind the plff. himself so as to prevent his proceeding on the bond; of course the surety cannot be injured; 4 Eng. C. L. R. 8; CrokeEliz. 697; 6 Coke's Rep. 43 b. Blake's case; 8East. 344 Braddick vs. Thompson; 1 East 619,Heard vs. Wadham; 2 Com. L. R. 247, Thompson
vs. Brown; 3 T. Rep. 590, Littler vs. Holland.
No arrangement can be pleaded unless it be evidenced by matters of as high a nature as the original obligation. The arrangement by a corporation must be under seal; and this must be averred and not left to inference; 2 Lord Raymond 1536; 2 Levinz. 234,Blennerhasset vs. Pearson is conclusive on two points of the case. I submit then that the deft. in this case cannot set up an agreement by parol to give time to Horsey as a discharge of McLane. The judgment is of at least as high a nature as the bond, and I care not to make it any more obligatory for such an agreement could not be pleaded to the bond; first: Because the agreement of a corporation is not well pleaded without averring a consideration and that it is under seal; second: Because no parol agreement can be set up at law against a sealed instrument, for such an instrument can be discharged only by matter of as high a nature; and thirdly: Because the relation of principal and surety cannot appear at law, and does not exist, for all are principals.
Latimer, for defendant McLane. There are two questions; first: whether the giving time to the principal debtor discharges his surety; and second: whether that defence can be set up at law. The principle is very broadly laid down that in all cases the giving of time, by agreement with the principal, is a discharge of the surety. *Page 515 
It is undoubtedly so in equity: — is it so at law? I contend that wherever the character of the party as surety can be fairly made out on the face of the instrument by which he is bound, this defence may be set up as well at law as in equity. The principles of the two courts are the same, and it is the form of the instrument that usually drives the party into equity. Wherever the court can get at the character of the parties, the discharge is as effectual at law as in equity. 2Vezey Jr. 541, Rees vs. Berrington; 6 Vezey Jr.
734, Wright vs. Simpson; 3 Bos. Pul. 363,Clark et al, Ex'rs. vs. Devlin, which was a case at law, and 3 Wash. cir. court Rep. 75, U. States vs. Hillegas'Ex'rs. which was also a case at law and decided on the equitable principle. And no doubt is entertained that a surety when he appears as such in a court of law can avail himself of this defence there as well as in equity. Then we contend that the relation of these defts. as principal and surety does appear on the face of this bond; and this brings up the question whether this defence, if available at law, can be set up by way of plea to a scire facias on the judgment heretofore obtained on this bond. There has never been any other opportunity afforded this deft. to make this defence. The judgment is by confession on warrant of attorney and without writ. The scire facias is a continuance of the original action, and any defence applicable to the former may be made to it. 1 Sellen's Prac. 275; 6 Term Rep.
1. 368. The deft. may crave oyer whenever he has the right to plead; and wherever the plff. founds his action on a deed he must make profert of it and oyer is demandable. 1 Sellen's Prac. 285. It was not necessary, in pleading, to state the agreement to be under seal; for particularity of statement is excused when the matter is peculiarly within the knowledge of the other side; and if the character of principal and surety is apparent, the giving of time is a discharge though it be not by writing under seal. The place of such agreement is not material and need not be set out; 2 H. Blac. 161.
Bayard, in reply was stopt by the court.
The principal question was decided by this court in the case ofMcDowell vs. the Bank of Wilmington and Brandywine (ante 27) when it was held that the discharge of an indorser by the acts of the holder of a note could not be set up as a defense at law
after judgment. The matter relied upon in this case as a discharge of the surety could not avail him in this court even before judgment, for he stands as a principal in the bond and must be regarded as such here. In the present state of the pleadings even this question is out of the way, for the bond is not set out in the plea, and does not appear any where on the record; nor was oyer of it demandable after judgment.
 Demurrer allowed.
 Judgment for plaintiff.